# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**BRION HERU'EL OFRIKA BEY,**

**Plaintiff,**

-vs-                                                           **Case No.  6:11-cv-510-Orl-18DAB**

**NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA,
JUDICIAL OFFICER MARTHA C.
ADAMS, JUDICIAL OFFICER CAROLYN
FREEMAN, JUDICIAL OFFICER
MICHAEL MILLER, JUDICIAL
OFFICER JERRY BREWER, AND
JUDICIAL OFFICER WAYNE J.
SHOEMAKER,**

**Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **March 31, 2001** |
| | _____ |
| | **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Complaint be **dismissed, without leave to amend**. |

Upon a party's submission of an affidavit of indigency, any court of the United States may

authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a).  However, the Court may

dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that

the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2).  A cause of action should not be

considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th

Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th

Cir. 1987)).  To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district

court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however

inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)).  Critical to this

analysis is a showing that the claim is within the limited jurisdiction of this federal court.  *See Cogdell

v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.  *Erickson

v. Pardus,* 551 U.S. 89,127 S.Ct. 2197, 2200, 167 L.Ed 2d 1081 (2007).  Nonetheless, as the Supreme

Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter,
> accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic
> Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007].
> A claim has facial plausibility when the plaintiff pleads factual content that allows the
> court to draw the reasonable inference that the defendant is liable for the misconduct
> alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a
> "probability requirement," but it asks for more than a sheer possibility that a defendant
> has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal ,* – U.S. – ,129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  While Rule 8(a), Federal

Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an

unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.  A pleading

is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of

a cause of action." *Bell Atlantic*, 550 U.S. 544, 555.   Applied here, the Complaint does not meet this standard, and there is no showing of any claim within the jurisdiction of this Court.

Plaintiff brings a *pro se* action against the Ninth Judicial Circuit and five persons identified as "Judicial Officers."   Although the Complaint is not entirely clear,[1] it appears that Plaintiff seeks relief against these Defendants for perceived wrongs connected to criminal proceedings in state court. As a matter of law, the complaint does not state sufficient factual matter that, accepted as true, states a plausible claim for relief in this Court.

Although cast as a suit for vindication of Plaintiff's civil and constitutional rights, Plaintiff seeks relief from judges for their actions (or inactions) while presiding over proceedings involving Plaintiff.   To the extent the suit, liberally construed, is an action against judges for actions taken in their official capacity, it is not cognizable in this or any court. "Judges are entitled to absolute judicial immunity ... for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir.2005) (internal quotation mark and citation omitted).   Here, Plaintiff affirmatively contends that the judges were

---

[1]For example, Plaintiff identifies himself as: "a Free Moorish American, In propria persona, Sui juris pursuant to: The Free Moorish American Zodiac Constitution - Articles IV and VI; The Treaty of Peace and Friendship Between the United States and Morocco -Seventeen Eighty-Seven (1787) - superseded by the Treaty of Eighteen Thirty-Six (1836); Resolution 75: Journals of The House of Representatives; United States - April 17, 1933 A. D. - Moorish American Society of Philadelphia and the Use of Their Names; The United Nations "Declaration of the Rights of the Child" General Assembly Resolution 1386 (XIV), 14 U.N. GAOR Supp. (No, 16) at 19, U.N. Doc. N4354 (1959); The United Nations "Universal Declarations on Human Rights" Article XV, General Assembly Resolution 217 A (III) of 10, December 1948 A.D.; "Executive Order 13107"-United States Republic, North America -The Implementation of Human Rights Treaties; The National Constitution for the Continental United States, Article III, Section 2; Amendment V - Liberty Clause; Amendment IX-Reservation of the Rights of the People; The United States Department of Justice Moorish Credentials; Free Moorish Zodiac Constitution, Truth A-I Classified; The United States Copyright Certificate Number AA222141 Clock of Destiny; The Moorish Nationality and Identification Card; Moorish Holy Temple of Science / Moorish Science Temple Identification Card, etc. as well as, but not limited to, the United States Republic Supreme Court, and the 'Acts of State' to wit: "Every Sovereign State (People) is bound to respect the independence of every other Sovereign State (People) and the courts of one country (People) will not sit in judgment on the acts of the government of another, done within (the same or) its own territory ....." Allegation 21.

acting pursuant to their authority. [2]  Moreover, Plaintiff has not plead any plausible facts that would vitiate judicial immunity.[3]  "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).

To the extent the suit names the Ninth Judicial Circuit as a defendant, this, too, fails to state a cognizable claim.  Assuming the circuit is an entity capable of being sued, it is an arm of the state and the action is barred by the Eleventh Amendment.  *See Harrison v. Office of State Courts Adm'r*, 2007 WL 1576351, 4 (M.D. Fla. 2007) (holding that the Eleventh Amendment bars a plaintiff from suing the Ninth Judicial Circuit Administrative Office of the Courts for breach of contract claims and ADA claim).

Assuming the Complaint is an attempt to challenge the judgment of the state court, such a  suit is not available in federal court.  The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82, 103 S.Ct. 1303, 1311-15, 75 L.Ed.2d 206 (1983).  Likewise, assuming Plaintiff is seeking review of the actions of the state court judges in pending matters, review is not available here.  *See Younger v. Harris*, 401 U.S. 37, 43, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971) (The abstention doctrine is premised upon a fundamental "public policy against federal court interference with state court proceedings.").

---

[2]Allegation 22 states, in part: "RESPONDENT(S) were at the time and currently are inferior Court, office holding Magistrates / Judicial Officers *with limited judicial authority, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida*." (emphasis added).

[3]Actions taken by judges while on the bench are *per se* in their judicial capacity.  To the extent a party to the proceeding disagrees with the action or decision of the court, the party can pursue its appellate remedies.  Absent extraordinary circumstances not alleged here, however, unhappy litigants cannot maintain an action against the judge, even if the action of the judge was contrary to the facts or the law.

As Plaintiff has failed to state a cause of action within the limited jurisdiction of this Court, it is **respectfully recommended** that the motion be **denied** and the Complaint be **dismissed** as frivolous in that sense.  As the judicial officers are immune from suit and the Eleventh Amendment of the United States Constitution bars any claim against the Circuit on these facts, the defects noted are not amenable to correction on amendment.  It is therefore **respectfully recommended** that the motion to proceed *in forma pauperis* be **denied and the Complaint be dismissed, without leave to amend.** *See Sibley, supra* (affirming trial court's denial of leave to amend complaint on similar facts, as futile).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 15, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy